IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02039-BNB

BRUCE A. THOMPSON,

    Applicant,

v.

STEVE HARTLEY, Warden, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Bruce A. Thompson, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Thompson has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of the sentence he is serving as a result of his conviction in Logan County District Court case number 96CR156.

    On August 19, 2013, and again on September 12, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On October 15, 2013, Respondents filed their Pre-Answer Response (ECF No. 15).  Mr. Thompson has not filed a reply to the Pre-Answer Response despite the opportunity to do so.

    The Court must construe the application liberally because Mr. Thompson is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

The prison sentence Mr. Thompson is challenging was imposed on April 18, 1997. (*See* ECF No. 15-1 at 10.)

> For crimes he committed in 1996, defendant pleaded guilty to sale of a Schedule II controlled substance and a special offender – deadly weapon sentence enhancer. The district court imposed the stipulated prison sentence of twenty-four years and one day, which is the minimum allowable sentence under the then-applicable special offender statute.

*People v. Thompson*, No. 08CA1567, slip op. at 1 (Colo. App. Oct. 22, 2009) (unpublished) (ECF No. 1 at 7). Mr. Thompson did not file a direct appeal. (*See* ECF No. 1 at 2; ECF No. 15-1.) However, he did challenge the validity of his sentence in a number of state court postconviction proceedings. On September 27, 2007, Mr. Thompson filed in the trial court a petition for writ of habeas corpus challenging the validity of his sentence that was denied two days later. (*See* ECF No. 15-2.) Beginning in February 2008 Mr. Thompson filed in the trial court a number of other postconviction motions challenging the validity of his sentence. (*See* ECF No. 15-1 at 5-9.) The state court postconviction proceedings, including appeals, concluded when the Colorado Court of Appeals entered its most recent order on May 10, 2012.

Mr. Thompson filed the instant habeas corpus application on July 22, 2013, and he raises one claim for relief. He specifically argues that the enhanced sentence he is serving is illegal and excessive because he "has no prior drug related offen[s]es and the

enhancer or aggravat[or] that was used Did Not Apply." (ECF No. 1 at 14.)

Respondents first argue that this action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Thompson's conviction became final.  See 28 U.S.C. § 2244(d)(1)(A).

Respondents assert that Mr. Thompson's conviction became final, and the one-year limitation period began to run, when the time expired to file a direct appeal following his sentencing on April 18, 1997.

Pursuant to the version of Rule 4(b) of the Colorado Appellate Rules applicable at the time Mr. Thompson was sentenced on April 18, 1997, he had forty-five days to file a notice of appeal following the sentencing.  Because Mr. Thompson did not file a notice of appeal, the judgment of conviction became final on June 2, 1997, when the time to file a direct appeal expired.  Mr. Thompson does not argue that his conviction became final on some other date.

The Court also finds that the one-year limitation period began to run on June 2, 1997, because Mr. Thompson does not contend that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his illegal sentence-aggravation claim before his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

Mr. Thompson did not initiate this action within one year after June 2, 1997. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any amount of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The record before the Court demonstrates that Mr. Thompson did not initiate any state court postconviction proceedings until 2007, after the one-year limitation period expired on June 2, 1998. Therefore, none of the state court postconviction proceedings Mr. Thompson initiated tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). As a result, the instant action is time-barred unless some other

reason for tolling the one-year limitation period exists.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Thompson fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason. The Court will not address Respondents' additional argument that Mr. Thompson's claim is unexhausted and procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  19th  day of   November  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court